UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-80347-ROSENBERG/HOPKINS

THOMAS BUYEA,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law [DE 22]. The Court has reviewed Defendant's Motion, Plaintiff's Response thereto [DE 25], and Defendant's Reply [DE 27], and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is DENIED.

### I. BACKGROUND[1]

This is an action for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), and its implementing regulations, 12 C.F.R. § 1024 ("Regulation X"). On December 21, 2015, Plaintiff Thomas Buyea ("Plaintiff") delivered a written request for information ("RFI") to Defendant Select Portfolio Servicing, Inc. ("Defendant"), the servicer of Plaintiff's mortgage loan. *See* DE 19 ¶¶ 11, 14–15. In his RFI, Plaintiff requested *inter alia* "[t]he identity, address and telephone number of the current owner or assignee of [Plaintiff's]

---

[1] The background facts set forth herein are drawn from Plaintiff's Amended Complaint [DE 19]. For the purposes of this Order, the Court views the Amended Complaint in the light most favorable to Plaintiff and accepts all of Plaintiff's well-pleaded facts as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007) (citing *St. Joseph's Hosp. v. Hospital Corp. of America*, 795 F.2d at 954 (11th Cir. 1986)).

1

Loan." *See id.* at 9. According to Plaintiff, Defendant's response to the RFI was both insufficient and untimely under 12 C.F.R. § 1024.36(d). *See id.* ¶¶ 18–25. Plaintiff seeks damages incurred as a result, including photocopying costs, postage costs, and reasonable attorney's fees in connection with reviewing Defendant's insufficient response and drafting a Notice of Error ("NOE"). *See id.* ¶¶ 16, 26–30. In the Motion presently before the Court, Defendant seeks dismissal of Plaintiff's Amended Complaint with prejudice for failure to state a claim.

## II.   LEGAL STANDARD

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Martinez*, 480 F.3d at 1066.

## III.   ANALYSIS AND DISCUSSION

Defendant argues that Plaintiff's Amended Complaint should be dismissed on two grounds: (1) Defendant was not a "servicer" as defined under RESPA and Regulation X in December of 2015 and therefore was not required to respond to Plaintiff's RFI in compliance with RESPA and Regulation X; and (2) alternatively, Defendant's response to Plaintiff's RFI was both sufficient and timely as a matter of law. Defendant further contends that the Court may

consider Defendant's response—a copy of which is attached to Defendant's Motion but not to Plaintiff's Complaint—in ruling on Defendant's Motion.

> **1. The Court may consider Defendant's response to Plaintiff's RFI without converting Defendant's Motion to a motion for summary judgment.**

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)). "[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." *Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1353 (S.D. Fla. 2015) (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.* (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005)). "In determining whether a document is central to the plaintiff's case, the court asks 'whether the plaintiff would have to offer the document to prove his case.'" *Id.* (quoting *Lockwood v. Beasley*, 211 F. App'x 873, 877 (11th Cir. 2006)).

Here, the Court may consider the documents attached to Defendant's Motion without converting the Motion to a motion for summary judgment. Plaintiff asserts in his Amended Complaint that Defendant's response to his RFI was insufficient and untimely. To prove these claims, Plaintiff would have to offer the documents comprising Defendant's allegedly insufficient and untimely response. Defendant's response to Plaintiff's RFI is therefore central to Plaintiff's claims. Additionally, Plaintiff does not appear to challenge the authenticity of the documents attached to Defendant's Motion, with the sole exception of referring to these documents once in passing as "the many letters that [Defendant] *claims* it sent." *See* DE 25 at 9

(emphasis added). Therefore, the Court may consider the documents comprising Defendant's response to Plaintiff' RFI in evaluating Defendant's Motion.

### 2. Defendant is a "servicer" under RESPA and Regulation X.

As defined under RESPA, "[t]he term 'servicer' means the person responsible for servicing of a loan." 12 U.S.C § 2605(i)(2). "Servicing," in turn, "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C § 2605(i)(3); *see also* 12 C.F.R. § 1024.2(b).

At the time Plaintiff delivered his RFI to Defendant in December of 2015, Plaintiff had been in default on his mortgage loan for over a year. Plaintiff's RFI, a copy of which is attached to his Amended Complaint,[2] requests "[a] current reinstatement statement." *See* DE 19 at 9. Thus, Plaintiff's Amended Complaint itself establishes that Plaintiff was in default on his mortgage loan at the time of his RFI. In addition, Defendant's response to Plaintiff's RFI shows that Plaintiff was 409 days delinquent on his mortgage loan as of December 15, 2015, and that Plaintiff owed $3,130.54 in past-due payments as of December 23, 2015. *See* DE 22-1 at 3, 23. Finally, Plaintiff does not dispute anywhere in his Response to Defendant's Motion that he was in default. *See* DE 25. In other words, at the time Plaintiff delivered his RFI, Defendant was not receiving any scheduled periodic payments from Plaintiff. Thus, Defendant contends, it was not a "servicer" and had no obligation to respond to Plaintiff's RFI under RESPA and Regulation X.

Defendant finds support for this contention among the decisional law of other jurisdictions. *See, e.g.*, *Daw v. Peoples Bank & Trust Co.*, 5 F. App'x 504, 505 (7th Cir. 2001);

---

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

*Toscione v. Wells Fargo Home Mortgage*, No. 8:13-CV-02065-T, 2013 WL 10721711, at *1 (M.D. Fla. Sept. 18, 2013). The parties do not cite, and the Court has not found, any opinions emanating from the Eleventh Circuit Court of Appeals or the Southern District of Florida addressing this argument. Having considered the decisions in *Daw* and *Toscione*, as well as the language of the statutory definitions of "servicing" and "servicer," the Court is persuaded that Defendant was no longer servicing Plaintiff's loan, but remained a servicer, and was therefore obligated to respond to Plaintiff's RFI.

In *Daw*, the Seventh Circuit Court of Appeals concluded that the defendant-lender Peoples Bank & Trust Company ("Peoples Bank") was no longer "servicing" a mortgage loan as that term is defined under RESPA once the plaintiff-borrower Nancy Daw ("Daw") had defaulted on that loan. *See Daw*, 5 F. App'x at 505. Daw defaulted in October of 1997. *Id.* Four months later, Peoples Bank assigned its interest in the loan to Daw's parents. *Id.* Daw then sued Peoples Bank, alleging that it had violated 12 U.S.C. § 2605(b) by failing to provide advance notice of the assignment. *Id.* As the Seventh Circuit explained, § 2605(b) requires a "servicer of any federally regulated mortgage loan [to] notify the borrower in writing of any assignment, sale, or transfer of the *servicing* of the loan to any other person." *Id.* The Court concluded, however, that Peoples Bank did not assign, sell, or transfer the servicing of any loan, reasoning:

> "Servicing" is defined as "receiving any *scheduled periodic payments* from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan. Once Daw defaulted, there were no longer any scheduled periodic payments to make or to collect, and thus there were no servicing rights to assign, sell, or transfer."

*Id.* (internal citations omitted). Peoples Bank therefore had no obligation to provide advance notice of the assignment under § 2605(b).

Relying in part on *Daw*, the Middle District of Florida concluded in *Toscione* that the defendant Wells Fargo Home Mortgage ("Wells Fargo") was not "servicing" a loan within the meaning of 12 U.S.C. § 2605(e)(1). *See Toscione*, 2013 WL 10721711, at *1. While the factual background of that case is not discussed in detail, it appears that the plaintiff Doreen Toscione ("Toscione") had written a letter requesting information about her mortgage loan. *See id.* Under § 2605(e)(1), a servicer has certain obligations when it receives a qualified written request for information relating to the servicing of a loan, with which Wells Fargo allegedly had not complied. *See id.* At the time Toscione wrote her letter, however, the loan had been foreclosed and sold at a judicial sale. *See id.* Citing the statutory definition of "servicing," and relying on *Daw*, the court therefore concluded that Wells Fargo was not servicing the loan. *See id.* (citing 12 U.S.C. § 2605(i)(3)). Accordingly, the court dismissed Toscione's complaint with prejudice for failure to state a claim on which relief may be granted. *See id.*

*Toscione* does not stand for the proposition that servicing ends only after foreclosure and judicial sale, rather than upon default. While the court noted that Toscione's loan had been foreclosed and sold at a judicial sale, it cited *Daw*—in which the borrower had only defaulted on her loan—as authority for its conclusion that Wells Fargo was no longer servicing the loan. *See id.* Describing the holding in *Daw*, the *Toscione* court wrote that the Seventh Circuit Court of Appeals had "conclude[ed] that once the plaintiff defaulted on the loan, the bank was no longer accepting scheduled period payments and was therefore not a 'servicer' of the loan." *See id.* (citing *Daw*, 5 F. App'x at 505). That Toscione's loan had gone beyond default to foreclosure and judicial sale was therefore not critical to the court's holding in that case.

While this Court agrees that servicing may end prior to foreclosure and judicial sale, the Court sees an important distinction between the definitions of servicing and servicer that the

6

*Toscione* court appears to have overlooked. In the instant case, Plaintiff was in default at the time he delivered his RFI to Defendant, and had been for over a year. Defendant therefore was not "servicing" his loan. However, the fact that Defendant was not servicing the loan does not mean that Defendant was no longer a servicer. As defined under RESPA, "[t]he term 'servicer' means the person *responsible for* servicing of a loan." 12 U.S.C § 2605(i)(2) (emphasis added). Whether or not Defendant was actively servicing the loan, Defendant remained responsible for servicing the loan at the time it received Plaintiff's RFI. Defendant was therefore a servicer and was obligated to respond to Plaintiff's RFI.

### 3. Defendant's response to Plaintiff's RFI was insufficient.

Plaintiff's RFI requested *inter alia* "[t]he identity, address and telephone number of the current owner or assignee of [Plaintiff's] Loan." *See* DE 19 at 9. Defendant in turn responded with only the identity of—and no address, telephone number, or other contact information for—the owner of the loan. *See* DE 22-1 at 2. At issue in the instant case is whether Defendant's response complied with 12 C.F.R. § 1024.36(d), which requires a servicer who "receives an information request for *the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan*" to:

> (i) *Provid[e] the borrower with the requested information* and contact information, including a telephone number, for further assistance in writing; or
>
> (ii) Conduct[] a reasonable search for the requested information and provid[e] the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

12 C.F.R § 1024.36(d)(1) (emphasis added).

While Defendant provided Plaintiff with the identity of the owner of the loan, it did not provide Plaintiff with either "the address or other relevant contact information" for the owner of

7

the loan, as requested by Plaintiff. Its response to Plaintiff's RFI was therefore insufficient under RESPA and Regulation X. Because Defendant's response was insufficient, the Court need not address whether Defendant's response was timely.

### IV.     CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 22] is **DENIED.**

2. Defendant shall answer Plaintiff's Amended Complaint no later than **October 14, 2016**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of October, 2016.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE